■ A. ALICEA et al., Respondents, v CITY OF NEW YORK et al., Appellants.—Order of the Supreme Court, New York County (Francis N. Pecora, J.), entered on November 4, 1987, which denied defendants' motion for summary judgment pursuant to CPLR 3212, is unanimously reversed on the law and the motion for summary judgment dismissing the complaint is granted, without costs or disbursements.

Plaintiffs-respondents are former employees of S & D Main-

tenance Company who instituted this action for breach of a contract between S & D Maintenance and the City of New York pursuant to which S & D Maintenance agreed to maintain parking meters located within the City of New York. In that regard, the Comptroller of the City of New York ordered a hold on all payments under the contract following the receipt of allegations of fraud against S & D Maintenance. S & D Maintenance ceased its maintenance of parking meters on or about October 9, 1986, and the city began to utilize its own employees to oversee the meters. On or about December 31, 1986, the Commissioner of the New York City Department of Transportation notified S & D Maintenance that the city was terminating the contract. Thereafter, S & D Maintenance commenced various lawsuits against the city arising out of the latter's refusal to make payment under the contracts of 1984 and 1986. The instant action represents a separate attempt by former employees of S & D Maintenance to recover under the 1986 contract on the ground that they "are third party beneficiaries of the aforesaid contract, in that the contract provided that most of the money required to be paid by the City to S&D would be paid as wages by S&D to the plaintiffs in accordance with wage schedules set forth in the contract, and that the contract would redound to the benefit of the plaintiffs."

Defendants filed an answer to the complaint and then moved for summary judgment, disputing plaintiffs' contention that they are third-party beneficiaries to the contract. In response, plaintiffs urged that they "are a group of members of Local No. 3, International Brotherhood of Electrical Workers, AFL-CIO—a group which for thirty-three years have [sic] performed the work of maintaining most of the parking meters in New York City—as employees of all of the contractors which successfully obtained the parking meter contracts from the City. The City had no doubt, when the Department of Transportation gave the current * * * contract to S & D, that most of its payments made pursuant to said contract would immediately be forwarded by S & D to the plaintiffs." Plaintiffs further asserted that 23 of them are currently engaged in maintaining the parking meters and that the city has agreed to hire additional persons from among plaintiffs for the work, "thus continuing the thirty-three year connection between the named plaintiff group and the parking meter work which most recently was performed by S & D." It should be noted that in claiming third-party beneficiary status, plaintiffs did not cite any specific clause of the contract and

specifically disclaimed reliance upon article 19, which is the section most concerned with the wages and working conditions of employees of S & D Maintenance.

The Supreme Court denied the motion for summary judgment, concluding that "the contract in question herein is sufficiently ambiguous, by its terms, to raise triable issues of fact as to the intentions of the parties concerning the extent to which plaintiffs were intended to be third-party beneficiaries." We disagree. An examination of the record of the matter before us fails to show "evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (*Iselin & Co. v Mann Judd Landau,* 71 NY2d 420, 425).

The law is settled that an intended beneficiary of a contract may maintain an action as a third party but an incidental beneficiary may not (*Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 655; *see also, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38; *Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314). As the Court of Appeals explained in *Burns Jackson Miller Summit & Spitzer v Lindner (supra,* at 336), "[a] third party may be the beneficiary of a public as well as a private contract * * *. He may recover, however, only by establishing (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost". Accordingly, "[e]ven when the contracting parties specifically intend to confer benefits on a third party, not all consequential damages which flow from a breach of the contract are recoverable by the third party. The contract must evince a discernible intent to allow recovery for the specific damages to the third party that result from a breach thereof before a cause of action is stated" (*Strauss v Belle Realty Co.,* 98 AD2d 424, 427, *affd* 65 NY2d 399).

Moreover, a party claiming to be a third-party beneficiary has the burden of demonstrating an enforceable right (*Strauss v Belle Realty Co., supra).* In *Lake Placid Club Attached Lodges v Elizabethtown Bldrs.* (131 AD2d 159, 161), the court defined an intended beneficiary as one whose "right to performance is 'appropriate to effectuate the intention of the parties' to the contract *and* either the performance will satisfy a money debt obligation of the promisee to the beneficiary or 'the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance' (Re-

statement [Second] of Contracts § 302 [1] [a], [b])". Thus, where the performance is rendered directly to a third party, that party is generally considered an intended beneficiary of the contract *(Nepco Forged Prods. v Consolidated Edison Co.,* 99 AD2d 508). The best evidence, however, of whether the contracting parties intended a benefit to accrue to a third party can be ascertained from the words of the contract itself *(Nepco Forged Prods. v Consolidated Edison Co., supra).* An intent to benefit a third party can also be found when "no one other than the third party can recover if the promisor breaches the contract * * * or * * * the language of the contract otherwise clearly evidences an intent to permit enforcement by the third party" *(Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 45, *supra).*

Plaintiffs herein were not signatories to the contract, and no section of the contract refers to plaintiffs or to any employees of S & D Maintenance as third-party beneficiaries. While certain portions of the contract, largely set forth in article 19, require that employees of S & D Maintenance be accorded certain minimum wages and working conditions and that S & D Maintenance comply with the mandates of the Labor Law, these provisions in no way create any obligations on the part of the City of New York but, rather, dictate standards which the contractor must follow, and, indeed, plaintiffs have expressly disavowed reliance upon article 19. Further, it is significant that plaintiffs do not base their purported status as third-party beneficiaries upon any specific clauses of the contract, that payment was to be made to S & D Maintenance and not to the plaintiffs and that nowhere does the contract establish any direct dealings between plaintiffs and the city. Finally, S & D Maintenance clearly has a right to recover under the contract for a breach by the city; certainly the contract itself is devoid of any language showing an intent to allow enforcement by plaintiffs. The fact is that the City of New York entered into the contract with S & D Maintenance for the purpose of having its parking meters maintained, not to bestow any benefits upon plaintiffs. Yet, plaintiffs appear to believe that simply by virtue of their position as employees and because they have a 33-year tradition of maintaining parking meters, they possess some sort of vested right to continue to do so notwithstanding the total absence of any provisions in the contract to that effect. (The duration of the contract was, of course, for considerably less than 33 years.) Since the record of this case is completely lacking in any proof that plaintiffs have any rights under the subject contract, the

Supreme Court should have granted defendants' motion for summary judgment dismissing the complaint pursuant to CPLR 3212. Concur—Milonas, J. P., Kassal, Ellerin and Wallach, JJ.