**Sharon B. POLLOCK, Plaintiff,**

v.

**Tom RIDGE, Secretary of the Department of Homeland Security, et al., Defendants.**

**No. 00–CV–6511L.**

United States District Court, W.D. New York.

Feb. 18, 2004.

Emmelyn S. Logan–Baldwin, Rochester, NY, for Plaintiff.

Michael P. Collins, Bond, Schoeneck & King, Michael I. Bernstein, Benetar Bern-stein Schair & Stein, New York City, Christopher V. Taffe, U.S. Attorney's Office, Rochester, NY, for Defendants.

## DECISION AND ORDER

LARIMER, District Judge.

### INTRODUCTION

Plaintiff is a former employee of defendant The Barbosa Group, a private employer who, at all relevant times herein, provided administrative and other services at the Buffalo Detention Center ("BDC") pursuant to a government services contract ("the contract") with the Immigration and Naturalization Service ("INS"). Plaintiff commenced this action against defendants[1] asserting various federal and state law claims based on her employment at and termination from the BDC. Plaintiff alleges that defendants discriminated against her on account of her gender and wrongfully terminated her without cause or due process.

The defendants moved to dismiss and/or for summary judgment (Dkt. ## 32 and 37) and plaintiff cross-moved for relief (Dkt. # 50). The Court ruled on several of these motions, from the bench, after oral argument and those decisions were later memorialized in an order (Dkt. # 73) filed April 9, 2003. This Decision and Order addresses the remaining portions of defendants' motions and plaintiff's cross-motion. For the reasons that follow, the parties' motions are granted, in part, and denied, in part.

---

[1]. For purposes of these motions, the defendants are divided into two groups: (1) "the Barbosa defendants," which include The Barbosa Group, its President (George Barbosa), four of its corporate officers and managers (Jeanie McMichael, Curtis Schreiner, Peter Arena, and Harry Taylor), and Executive Security, a corporate subdivision of The Barbosa Group; and (2) "the federal defendants," which include Tom Ridge, the Secretary of the Department of Homeland Security (substituted as the proper party defendant (Dkt.# 73)), Terry Nelson, the former director of the BDC and Charles Mule, the former chief detention enforcement officer of the BDC. References to "defendants" generally means all defendants from both groups.

## DISCUSSION

### I. Motion to Dismiss Standards

■ Defendants move to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. In the context of a Rule 12(b)(1) motion, plaintiff has the burden of establishing the existence of subject matter jurisdiction by a preponderance of the evidence. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). The Court must accept as true all material factual allegations in the complaint, and can consider evidence outside the pleadings. *See Makarova*, 201 F.3d at 113.

■ In deciding a motion to dismiss pursuant to 12(b)(6), the Court likewise must draw all reasonable inferences in favor of plaintiff and accept as true all factual allegations in the complaint. "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Phillip v. Univ. of Rochester*, 316 F.3d 291 (2d Cir. 2003). The issue is not whether plaintiff ultimately will prevail but whether she is entitled to offer evidence to support her claims. *Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. 992 (reaffirming the simplified notice pleading requirement of Fed.R.Civ.P. 8 that relies on the rules of discovery and motions for summary judgment to define factual issues and dispose of unmeritorious claims). "Thus, a complaint is sufficient if it gives 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir.2002) (quoting *Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. 992).

### II. Plaintiff's Cross–Motion to Exclude Matters Outside the Pleadings

Initially, the Court addresses plaintiff's cross-motion to exclude from consideration on defendants' motions certain documents that are outside the pleadings or, in the alternative, to require that any documents considered be presented in admissible form and fully authenticated by someone with personal knowledge. (Dkt.# 50–1).

The federal defendants attached two documents to their memorandum of law—a complaint letter dated February 29, 2000 from plaintiff to the INS and an alleged copy of the contract (which exceeds 200 pages) between The Barbosa Group and the INS. (*See* Dkt. # 32 "Exhibits" 1 and 2). The Barbosa defendants incorporate these documents by reference and rely on them in support of their motion. (Dkt. # 38 at p. 3). The documents have not been presented to the Court as true and accurate copies of what they purport to be, and neither is attached to or referred to in an affidavit from someone who attests to its authenticity or accuracy. In fact, the documents are not mentioned at all in the three paragraph affidavits each attorney filed in support of the defendants' motions. (Dkts. ## 33 and 39). Nevertheless, defendants argue (in footnotes in their memoranda of law) that this Court can rely on and refer to the documents on the motion to dismiss because both are "integral" to the plaintiff's complaint.

Plaintiff argues that the Court cannot consider these documents in deciding the motions to dismiss because they are matters outside the pleadings which were not quoted in or otherwise integral to the complaint. Further, plaintiff asks that if the Court finds that the documents are integral to the complaint, that it first obtain "fully authenticated" copies. Plaintiff takes issue with the accuracy of the con-

tract filed by the federal defendants and asserts that it is different in some material respect to the contract that defendants produced to her during discovery. (Dkt. # 50, at p. 6–8).

■ If the parties present materials outside the complaint and the Court does not exclude them, the Court must treat a 12(b)(6) motion as one for summary judgment pursuant to Fed.R.Civ.P. 56 and give all parties a reasonable opportunity to present all material made pertinent to such a motion. *See* Fed.R.Civ.P. 12(b). For purposes of this rule, the complaint is considered to include any documents incorporated in it by reference, annexed to it as an exhibit, or "integral" to it because it " 'relies heavily upon its terms and effect.' " *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995)).

■ I agree that I should not consider these documents on a motion to dismiss. *Chambers*, 282 F.3d at 155 ("Consideration of extraneous material in judging the sufficiency of a complaint is at odds with the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2) . . . . Also, when a district court considers certain extra-pleading materials and excludes others, it risks depriving the parties of a fair adjudication of the claims by examining an incomplete record."). I do not find the letter or contract to be "integral" to the complaint, and the cases upon which defendants rely are inapposite. Plaintiff's complaint is not replete with references or quotations to either document. *See, e.g., Chambers*, 282 F.3d at 153; *San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos., Inc.*, 75 F.3d 801, 808–809 (2d Cir.1996). In addition, that plaintiff may have had possession of a document at the time the complaint is drafted is not enough. *Chambers*, 282 F.3d at 153. Because the parties are still engaging in discovery, conversion to a motion for summary judgment is inappropriate at this time. In any event, the Court cannot consider the documents in the manner in which they were presented. A memorandum of law is not the appropriate vehicle for putting evidence before the Court. For this additional reason, I do not consider these documents.

Therefore, plaintiff's motion to exclude matters outside of the pleadings (Dkt.# 50–1) is granted. Her motion for alternative relief (Dkt.# 50–2) is denied as moot.

## III. The Defendants' Motions to Dismiss

### A. Title VII Claim—Failure to Exhaust Administrative Remedies

The federal defendants seek dismissal of plaintiff's Title VII claim based on her failure to exhaust administrative remedies pursuant to 42 U.S.C. § 2000e–16 and 29 C.F.R. § 1614.105. The federal defendants claim that plaintiff did not comply in a timely manner with the two-step exhaustion process for discrimination claims against the federal government.[2] In sup-

2. Before commencing an action in district court, a plaintiff asserting a Title VII claim against the government must undergo a two-step process to exhaust her administrative remedies—informal counseling with an EEO counselor within 45 days of termination, and the filing of a formal complaint with the agency or department within 15 days after the EEO counselor has issued a notice of final interview. 29 C.F.R. §§ 1614.105 and 1614.106. Then, plaintiff has essentially two options, depending on the course taken by the governmental agency. If the agency issues a "notice of final action," plaintiff has 90 days to file a civil action in district court. If the agency takes no action after 180 days of filing the formal complaint, plaintiff may file a civil action in district court.

port of their motion, they rely on an allegation in plaintiff's federal complaint that she filed a written grievance with the government in February 2000 concerning alleged discrimination, which they argue was untimely, as it was 320 days after plaintiff was terminated. *See* 29 C.F.R. § 1614.105(a)(1).

Plaintiff alleges in her complaint that she filed a written grievance with the federal defendants in February 2000. Plaintiff claims that "although she was reassured that her complaint would receive appropriate follow up and attention, the [federal] defendants have failed and continue to fail to do so." (Dkt.# 1, ¶ 3). In her opposition papers, plaintiff argues that the time period for exhausting her administrative remedies should be equitably tolled or waived because: (1) the defendants failed to notify her of the time limits in which to seek informal counseling and exhaust her administrative remedies, as required by 29 C.F.R. § 1614.105(a)(2);[3] and (2) any effort she could have undertaken to exhaust her claims would have been futile, given the federal defendants' consistent position that she is not a federal employee. Finally, plaintiff opposed dismissal pursuant to 12(b)(6) on the grounds that she is entitled to discovery on the exhaustion issue and to support her claims based on correspondence from the INS concerning her administrative complaint.

I agree that, under the circumstances of this case, the issue of whether plaintiff timely exhausted her administrative remedies cannot be decided as a matter of law in the context of a motion to dismiss.

There are issues of fact regarding what steps plaintiff took to exhaust her administrative remedies, whether those steps were considered by the agency to be timely, and whether the government's actions (or inaction) could provide a basis here for non-compliance with the exhaustion requirement.

■ The requirement that plaintiff first exhaust her administrative remedies is treated as an affirmative defense that is subject to equitable tolling, estoppel, and waiver. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Briones v. Runyon*, 101 F.3d 287, 290 (2d Cir.1996); *see also Boos v. Runyon*, 201 F.3d 178, 182 (2d Cir.2000) ("[T]he exhaustion requirement, while weighty, is not jurisdictional."). Here, plaintiff's complaint and her papers in opposition allege circumstances that could, in theory, warrant application of one of these doctrines. For instance, the time period for filing a complaint "shall" be tolled if plaintiff was not notified of time limits and did not otherwise know of them. *See* 29 C.F.R. § 1614.105(a)(2). Moreover, under certain circumstances, the government can waive its right to argue that plaintiff did not timely comply with the exhaustion requirement. *See Briones*, 101 F.3d at 291.

■ The federal defendants argue that plaintiff is not entitled to an equitable toll because she was represented by counsel during the relevant time period. Although this may be a strong argument as to why no equitable relief should be granted, *see*

---

**3.** 29 C.F.R. § 1614.105(a)(2) provides in pertinent part: "The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission."

*Chapman v. ChoiceCare Long Island Term Disability Plan,* 288 F.3d 506, 512 (2d Cir.2002), it cannot be said at this stage that plaintiff's obligation to pursue informal counseling with the INS within 45 days of her termination was clear. In fact, the federal defendants have taken the position on this motion and in other pleadings that plaintiff was *not* a federal employee. It is unclear from the record whether this is a position that it also took with plaintiff at the time of her termination or her grievance. If so, the federal defendants may have waived their right to insist that plaintiff comply with the administrative regulations. It also unclear whether the EEOC or the agency considered plaintiff's February 29, 2000 complaint timely. *See Briones,* 101 F.3d at 290–91. These facts would be material in determining whether plaintiff failed to timely exhaust her administrative remedies.

Ultimately, when the record is developed more fully, the federal defendants may be entitled to summary judgment on this issue. Plaintiff bears the burden of proving that equitable reasons exist for noncompliance with the exhaustion requirement. *See Boos,* 201 F.3d at 185. As such, she should be permitted to discovery on the issue. Therefore, the federal defendants' motion to dismiss plaintiff's Title VII claim for failure to exhaust administrative remedies is denied. *Pauling v. Sec. of Dep't of Interior,* 160 F.3d 133, 134–135 (2d Cir.1998) (reversing summary judgment where issues of fact exist regarding whether former federal employee was placed on notice of the 45–day time period in which to initiate informal counseling); *see also Briones,* 101 F.3d at 290 (reversing summary judgment based on the failure to timely exhaust administrative remedies where government waived its right to argue that administrative complaint was untimely); *Bayer v. U.S. Dep't*

*of Treasury,* 956 F.2d 330, 334 (D.C.Cir. 1992) (issues of fact precluded summary judgment based on failure to exhaust administrative remedies where plaintiff alleged that the agency failed to notify him of the time limits as outlined in the regulations).

## B. Breach of Contract Claims

### 1. The Barbosa Defendants' Motion to Dismiss

For her seventh claim based on third party beneficiary breach of contract, plaintiff alleges that The Barbosa Group and the INS entered into a contract that required, in pertinent part, that The Barbosa Group would provide certain medical and other benefits to plaintiff and other employees of the BDC. Plaintiff asserts that she was a third party beneficiary of the contract, and that defendants have failed to provide those benefits to her. The Barbosa defendants move to dismiss this claim arguing that plaintiff cannot show that she was an "intended," rather than merely an "incidental," beneficiary of the contract.

The parties agree that to prevail on a claim as a third party beneficiary under a contract, plaintiff must show: (1) the existence of a valid contract between other parties; (2) that the contract was intended for plaintiff's benefit; and (3) that "[t]he benefit to the third party must be 'sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [the third party] if the benefit is lost.'" *Muhlrad v. Mitchell,* No. 96 Civ. 3568, 1997 WL 182614, *5 (S.D.N.Y. Apr. 14, 1997) (quoting *Alicea v. City of New York,* 145 A.D.2d 315, 534 N.Y.S.2d 983 (1st Dep't 1988)). Plaintiff alleges that her status as an employee under the contract makes her an intended beneficiary sufficient to satisfy this last element.

■ Although the Court has grave doubts about whether plaintiff ultimately will prevail on this claim, *see Alicea,* 145 A.D.2d at 318, 534 N.Y.S.2d 983 (employees of company that had a contract with City to provide maintenance to parking meters were not third party beneficiaries of that contract), dismissal of this claim is not warranted at this time. In order to determine whether plaintiff is an intended beneficiary, the Court must examine the language of the contract and perhaps other relevant evidence. *Muhlrad,* 1997 WL 182614, *6 ("In determining whether there is an intended third party beneficiary, courts should look first at the contractual language itself . . . and where appropriate the surrounding circumstances.") (internal quotations and citations omitted); *see also Nat'l Westminster Bank v. Grant Prideco, Inc.,* 261 F.Supp.2d 265, 272–73 (S.D.N.Y. 2003); *Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.,* 66 N.Y.2d 38, 45, 495 N.Y.S.2d 1, 485 N.E.2d 208 (1985). As such, the issue is better resolved on summary judgment or at trial. Suffice it to say that, for now, plaintiff has met the minimum threshold pleading requirements of Fed.R.Civ.P. 8 to state a claim against the Barbosa defendants as a third party beneficiary to a contract.

■ For her eighth claim based on breach of contract, plaintiff alleges that the INS had "an employment contract which cover[ed] plaintiff's employment with it and The Barbosa Group." She claims that defendants "violated her rights under the employment contract," including her "right to a safe, non-discriminatory and non-hostile work environment, to employment and civil rights." (Dkt.# 1, ¶¶ 54–55). The Barbosa defendants argue that plaintiff's breach of contract claim must be dismissed because she was an at-will employee with no enforceable contract rights.

I agree that plaintiff has failed to state a claim for breach of contract, but for a different reason.[4] In her complaint, plaintiff does not allege that she was a party to the contract. In fact, her allegations clearly state that the contract was between The Barbosa Group and the INS. (Dkt.# 1, ¶¶ 21(a), 55). Because plaintiff has not pleaded an essential element of a claim for breach of contract, the claim is dismissed. *Cf. Highlands Ins. Co. v. PRG Brokerage, Inc.,* No. 01 Civ. 2272, 2004 WL 35439, *8 (S.D.N.Y. Jan. 6, 2004) (breach of contract action dismissed pursuant to 12(b)(6) where complaint did not allege that defendant was a contracting party).

### 2. The Federal Defendants' Motion to Dismiss

The federal defendants have moved to dismiss plaintiff's seventh and eighth claims for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). They argue that the Court of Federal Claims has exclusive jurisdiction to hear claims against the government based on express or implied contractual rights. Plaintiff did not address this argument in her response papers. I agree with the federal defendants.

■ In any action in which the United States is named as a defendant, a waiver of sovereign immunity is a prerequisite to subject matter jurisdiction over the claims asserted and is to be construed strictly and limited to its express terms. *See Dep't of the Army v. Blue Fox, Inc.,* 525 U.S. 255, 261, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999);

---

4. Whether plaintiff was an at will employee cannot be determined as a matter of law based on the four corners of the complaint. Therefore, dismissal pursuant to Fed.R.Civ.P. 12(b)(6) based on the argument that the Barbosa defendants advance in their motion is not appropriate because it requires analysis of facts that are outside the pleadings.

*Up State Federal Credit Union v. Walker*, 198 F.3d 372, 374 (2d Cir.1999). Plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *Makarova*, 201 F.3d at 113.

 Here, plaintiff failed to meet that burden. In her complaint, she pleaded 28 U.S.C. §§ 1331, 1343, 2201, 2202, and 42 U.S.C. § 2000e(5)(f) as the bases for this Court's jurisdiction. (Dkt.# 1, ¶¶ 1–2). None of these statutes, however, confer subject matter jurisdiction here.[5] The contract itself is the sole source of the rights plaintiff seeks to enforce in the seventh and eighth claims, and the damages she seeks are those that run from the "defendants' breach." (*See* Dkt. # 1, ¶¶ 51–52, 55–56). Therefore, the claims allegedly arise from a contract with the federal government. *Up State Federal Credit Union*, 198 F.3d at 376–77 (determining that plaintiff's claim against the United States Army was based in contract for purposes of subject matter jurisdiction because the source of the right at issue was the contract between the parties).

Having found that the claims are based in contract, a waiver of sovereign immunity can only come from the Contract Disputes Act (as amended by the Tucker Act, 28 U.S.C. §§ 1346(a)(2) and 1491) ("CDA"). The CDA waives sovereign immunity for actions against the United States that arise from contract. However, the CDA gives the Court of Federal Claims exclusive subject matter jurisdiction over such actions. *See* 28 U.S.C.

§§ 1346(a)(2), 1491(a)(1). Accordingly, plaintiff's seventh and eighth claims against the federal defendants are dismissed pursuant to 12(b)(1). *Up State Federal Credit Union*, 198 F.3d at 376–77 (dismissing contract claims brought in district court on the ground that the Court of Federal Claims had exclusive subject matter jurisdiction); *1–10 Industry Assoc., Inc. v. U.S. Postal Serv.*, 133 F.Supp.2d 194, 196–97 (E.D.N.Y.2001) (same).[6]

## C. Plaintiff's Fifth Amendment Claims

For her ninth claim based on the Fifth Amendment, plaintiff alleges that she had a property interest in her continued employment at the BDC and she could not be deprived of that property interest without due process of law. She also claims that she had a liberty interest in her employment as a Lieutenant of the BDC of which she could not be deprived under circumstances that falsely impugn her profession and reputation. Plaintiff alleges that defendants allowed another employee to make false accusations against her regarding her job performance after determining that those accusations were not true, changed plaintiff's personnel records, demoted her without cause, instructed co-workers not to have contact with her outside of work, initiated action to terminate her after she requested that her attorney become involved, terminated her without cause, and falsely reported to the New York Unemployment Department that she

---

**5.** Arguably, 28 U.S.C. § 1331 may provide a basis for subject matter jurisdiction over a claim based on breach of contract governed by federal common law. *See Up State Federal Credit Union*, 198 F.3d at 375 n. 4 (citing *Falls Riverway Realty, Inc. v. City of Niagara Falls*, 754 F.2d 49, 55 n. 4 (2d Cir.1985)). Section 1331, however, does not contain a general waiver of sovereign immunity and,

therefore, does not save this claim from dismissal.

**6.** Plaintiff's eighth claim against the federal defendants for breach of contract is dismissed for the additional reason that plaintiff failed to allege the existence of a contract to which she was a party. *See* discussion at III.B.1., *supra*.

voluntarily left her job. (Dkt.# 1, ¶¶ 21(h)-(w), 58–62). Defendants advance several arguments for dismissal of this claim.

■ I find that this claim must be dismissed. First of all, no such action can lie against Tom Ridge (named only in his official capacity as the head of Department of Homeland Security, the successor agency to the INS) because a claim based on *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) may not be brought against a federal agency. Instead, only a federal officer named in his or her individual capacity is a proper defendant. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir.1994).

■ Second, plaintiff's *Bivens* claims against the individually named federal defendants (Nelson and Mule) and the individually named Barbosa defendants (Barbosa, McMichael, Schreiner, Arena, and Taylor)[7] must be dismissed because courts have uniformly refused to recognize that such claims lie in the context of federal employment.[8] *See Bush v. Lucas*, 462 U.S. 367, 368, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983); *Hall v. Clinton*, 235 F.3d 202 (4th Cir.2000); *Blankenship v. McDonald*, 176 F.3d 1192 (9th Cir.1999); *McIntosh v.*

*Turner*, 861 F.2d 524 (8th Cir.1988); *Payne v. Meeks*, 200 F.Supp.2d 200, 205–206 (E.D.N.Y.2002).

The primary reason given for refusing to recognize a *Bivens* claim in the federal employment context is that it would vitiate the various statutory schemes that apply to federal employment (including, *inter alia*, the Civil Service Reform Act of 1978, the Congressional Accountability Act, and the Veterans' Affairs Labor Relations Improvement Act). These comprehensive statutes provide remedies against the United States as an employer, and are governed by procedural and substantive provisions that have been carefully promulgated by Congress and "constructed step by step, with careful attention to conflicting policy considerations." *Bush*, 462 U.S. at 388, 103 S.Ct. 2404. To allow a *Bivens* claim in these instances would, in effect, allow a dissatisfied federal employee to bypass the applicable the statutory schemes and pursue a judicially created private remedy in a court of law, thereby ignoring Congressional intent altogether.

These holdings are consistent with the policy underlying the judicially created claim for damages created in *Bivens*—the lack of other adequate remedies at law to address the wrongs alleged. *See Malesko*, 534 U.S. at 67–68, 122 S.Ct. 515. Here, however, plaintiff has other remedies available to her, many of which she is pursuing

---

**7.** Plaintiff has conceded dismissal of her ninth claim against the two corporate Barbosa defendants, The Barbosa Group and Executive Security. (*See* Dkt. # 73).

**8.** For purposes of my holding here, I assume, without deciding, that a private individual could be named in a *Bivens* action under the circumstances presented here. However, this proposition is far from certain and is subject to considerable debate in the courts. *Compare Peoples v. CCA Detention Center*, No. Civ.A03–3129, 2004 WL 74317 (D.Kan. Jan. 15, 2004) (refusing to recognize a *Bivens* claim against individual employees of a private corporation

that housed pretrial detainees pursuant to a contract with the United States) *with Sarro v. Cornell Corr., Inc.*, 248 F.Supp.2d 52 (D.R.I. 2003) (recognizing a *Bivens* claim against individual private employees of company that housed federal prisoners pursuant to contract with the United States). The Supreme Court in *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001) specifically refused to address the issue, although four Justices in the dissent indicated that such a claim would lie. 534 U.S. at 79 n. 6, 122 S.Ct. 515.

in this action. Importantly, the facts plaintiff asserts in support of her Fifth Amendment *Bivens* claim form the basis for her other claims, including the third party beneficiary breach of contract and Title VII. Therefore, plaintiff's Fifth Amendment *Bivens* claims against Nelson, Mule, Barbosa, McMichael, Schreiner, Arena, and Taylor are dismissed.[9]

### D. Plaintiff's 42 U.S.C. § 1985 claims

■ For her tenth claim, plaintiff asserts that she held an office, trust or place of confidence in her employment at the BDC. She alleges that defendants, together with other persons as yet unknown by name, have "conspired to prevent, plaintiff, by force, intimidation, or threat, from holding her Lt. position or from discharging her duties," in violation of 42 U.S.C. § 1985(1). (Dkt.# 1, ¶ 66). For substantially the same reasons that plaintiff cannot maintain a *Bivens* claim, I find that she has failed to state a claim under 42 U.S.C. § 1985(1). Even assuming that plaintiff could be considered a federal officer within the meaning of § 1985(1) in the context of this case,[10] courts have held that federal officers cannot challenge what are essentially personnel decisions through civil actions brought under 42 U.S.C. § 1985(1). *See Hall,* 235 F.3d at 206; *Marshall–Screen v. I.R.S.,* No. 01–CV–0811, 2002 WL 264999, *2 (E.D.N.Y. Feb. 26, 2002) (collecting cases).

■ Finally, plaintiff's 42 U.S.C. § 1985(3) claim is dismissed for failure to state a claim. For her eleventh claim, plaintiff alleges that defendants and others not yet named "have conspired to deprive plaintiff and other persons similarly situated of their rights to equal protection of the laws and of equal privileges and immunities under the law by, for example, interfering with plaintiff's right to complain about unlawful discrimination/retaliation against her, her right to due process of law and equal protection of the laws" and were committed "with an invidiously discriminatory animus against women as a class," in violation of 42 U.S.C. § 1985(3). (Dkt.# 1, ¶¶ 70–73). It is well-settled that § 1985(3) does not create any substantive rights, but provides a civil claim when some otherwise defined federal right is breached by conspiracy.

■ Here, plaintiff's allegations clearly assert gender discrimination and retaliation claims that are remediable only through Title VII. However, section 1985(3) cannot be used as a remedy for conduct that violates Title VII. As such, her 1985(3) claim must be dismissed. *See Brown v. Gen. Servs. Admin.,* 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) (Title VII provides the exclusive remedy for employment discrimination claims against the United States); *see also Great Am. Fed. Savings & Loan Ass'n v. Novotny,* 442 U.S. 366, 372, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979) (the "deprivation of a right created by Title VII cannot be the

---

**9.** In dismissing this claim on these grounds, I do not address other arguments raised by the defendants, including whether plaintiff has a constitutionally protected property interest in her job sufficient to state a *Bivens* claim were it otherwise recognizable. Moreover, I have not considered whether the argument (made by the federal defendants without any factual or legal support), that the doctrine of qualified immunity would bar a *Bivens* claim against defendants Nelson and Mule.

**10.** This Court's decision that the definition of 'employer' under Title VII includes the federal defendants in the context of this case does not mean that plaintiff is a federal employee for purposes of any of her other claims. In fact, it seems very unlikely that plaintiff was an officer of the federal government within the meaning of 42 U.S.C. § 1985(1). However, I need not decide that issue.

basis for a cause of action under § 1985(3)."); *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 527 (2d Cir.1996) (granting 12(b)(6) motion to dismiss 42 U.S.C. § 1985(3) claim that was based on same conduct that was alleged in support of plaintiff's ADEA claim).

### E. Plaintiff's Motion to Amend Her Complaint

Plaintiff moved for permission to amend her complaint should this Court dismiss any of her claims as insufficient. (Dkt.# 50–3). Here, the Court has dismissed plaintiff's seventh claim (third-party beneficiary breach of contract) against the federal defendants, her eighth claim (breach of contract) against all defendants, her ninth claim (Fifth Amendment/*Bivens* claim) against all defendants, and her tenth and eleventh claims (42 U.S.C. § 1985(1) and (3)) against all defendants. The Court cannot conceive of any allegations plaintiff could assert in an amended complaint that would change the results reached here. Arguably, the only such claim that could be supplemented through an amendment would be the breach of contract claim. However, plaintiff does not appear to contest the fact that she herself was not a signatory to the contract at issue. Therefore, plaintiff's motion for permission to amend the complaint is denied because any such amendment would be futile.[11]

## CONCLUSION

The federal defendants' motion to dismiss (Dkt.# 32) is granted, in part, and denied, in part, as follows: (1) the federal defendants' motion to dismiss plaintiff's first claim based on Title VII for failure to exhaust administrative remedies is denied; (2) the federal defendants' motion to dismiss plaintiff's seventh, eighth, ninth, tenth, and eleventh claims is granted and those claims are dismissed.

The Barbosa defendants' motion to dismiss (Dkt.# 37) is granted, in part, and denied, in part, as follows: (1) the Barbosa defendants' motion to dismiss plaintiff's seventh claim based on third party beneficiary breach of contract is denied; (2) the Barbosa defendants' motion to dismiss plaintiff's eighth, ninth, tenth, and eleventh claims is granted and those claims are dismissed.

Plaintiff's motion to exclude matters outside of the pleadings (Dkt.# 50–1) is granted. Plaintiff's motion for alternative relief (Dkt.# 50–2) is denied as moot. Plaintiff's motion for permission to amend the complaint (Dkt.# 50–3) is denied.

IT IS SO ORDERED.

**11.** In her opposition papers, plaintiff suggests that she can bring a *Bivens* claim for violations of her First Amendment rights for engaging in "protected speech." Plaintiff asserts that her speech was protected because is addressed matters of "public concern," namely her protesting false accusations against her by a subordinate, and her speech concerning how to deal with an inmate incident and breach of facility security. (Dkt.# 51, p. 36). However, plaintiff's complaint does not allege a First Amendment claim. Even if it did, the speech plaintiff identifies here had the primary goal of addressing wrongs committed against her personally, not wrongs that may affect the public. *See Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 143 (2d Cir.1993); *Ezekwo v. New York City Health & Hosps. Corp.*, 940 F.2d 775, 781 (2d Cir.1991); *Payne*, 200 F.Supp.2d at 206–207. Therefore, plaintiff will not be allowed to amend her complaint to assert a First Amendment *Bivens* claim because any amendment would be futile.