■ LUVER PLUMBING AND HEATING, INC., et al., Respondents, v MO'S PLUMBING AND HEATING et al., Appellants, et al., Defendant. [43 NYS3d 267]—

Judgment, Supreme Court, Bronx County (Julia Rodriguez,

J.), entered on or about August 26, 2015, which, following a nonjury trial, awarded plaintiffs the total sum of $101,164, unanimously affirmed, without costs.

Defendants and plaintiff Verges entered into a contract whereby Verges was to receive $800 per week and 10% of any "profits" from defendant Mo's Plumbing and Heating (Mo's), primarily for the use of Verges's Master Plumber's license to permit Mo's to operate its plumbing business and obtain permits to perform work on various projects. Defendant Osias A. Puello admitted that he signed the contract as CFO/OWNER of Mo's, but denied any involvement in the company, asserting that he was merely asked to "participate" in signing the agreement, from which he hoped to receive some work.

Puello's testimony was not credible and the court properly rejected it. While defendants argue that the court improperly granted plaintiff Verges 10% of Mo's profits, asserting that there was insufficient evidence of any such profits, in fact the court did not award any "profits" to plaintiffs, and defense counsel's argument on this point is frivolous. Equally frivolous is counsel's argument that the court did not have personal jurisdiction over defendant Puello. Puello admits that the summons and complaint were served on his daughter when he was not home, and counsel makes no argument in response to plaintiff's assertion that Puello was properly served pursuant to CPLR 308 (2). Assuming, arguendo, that Puello was not properly served, he has waived any such argument by not moving to dismiss the complaint within 60 days of service of his answer, in which he raised the improper service issue (CPLR 3211 [e]).

Defendants' only colorable argument is that the contract, which stated that it would become "void" after defendants failed to pay Verges for 14 days, in fact did become void based on such nonpayment, thus plaintiffs may not seek any recovery for lost wages or profits. The court, however, properly rejected defendants' interpretation of the contract, as such a reading would require Verges to remain bound for the three-year term of the contract, while permitting defendants to void it any time they chose, by operation of their own breach. "[A] contract should not be interpreted to produce a result that is absurd, commercially unreasonable or contrary to the reasonable expectations of the parties" (*Greenwich Capital Fin. Prods., Inc. v Negrin*, 74 AD3d 413, 415 [1st Dept 2010] [internal quotation marks and citation omitted]). "It is a longstanding principle of New York law that a construction of a contract that would give one party an unfair and unreasonable advantage

over the other, or that would place one party at the mercy of the other, should, if at all possible, be avoided" (*ERC 16W Ltd. Partnership v Xanadu Mezz Holdings LLC*, 95 AD3d 498, 503 [1st Dept 2012]; *see also Metropolitan Life Ins. Co. v Noble Lowndes Intl.*, 84 NY2d 430, 438 [1994]). It is clear that the voiding of the contract upon defendants' nonpayment for 14 days was meant to protect Verges, not to give defendants an absurd advantage under the agreement. Thus, the court properly interpreted the provision to mean that the contract was voidable, at Verges's discretion, once defendants breached the agreement by failing to pay him. Concur—Mazzarelli, J.P., Renwick, Richter, Manzanet-Daniels and Feinman, JJ.