Board of Mgrs. of Fifth Ave. Condominium v 141 Acquisition Assoc., LLC (2020 NY Slip Op 00686)





Board of Mgrs. of Fifth Ave. Condominium v 141 Acquisition Assoc., LLC


2020 NY Slip Op 00686


Decided on January 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10932 141 651426/13

[*1] Board of Managers of Fifth Avenue Condominium, Plaintiff-Respondent-Appellant,
v
141 Acquisition Associates, LLC, et al., Defendants, Cetra/Ruddy Incorporated, et al., Defendants-Respondents, J Construction Company, LLC, Defendant-Appellant.


O'Toole Scrivo, LLC, New York (Steven A. Weiner of counsel), for appellant.
Arent Fox LLP, New York (Mark A. Bloom of counsel), for respondent-appellant.
Zetlin & De Chiara LLP, New York (James H. Rowland of counsel), for respondents.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered July 16, 2015, which, to the extent appealed from as limited by the briefs, granted defendants Cetra/Ruddy Incorporated and John A. Cetra Architecture, PC's (the Cetra defendants) motion to dismiss the complaint as against them, and denied defendant J Construction Company, LLC's motion to dismiss the breach of contract cause of action against it, unanimously affirmed, without costs.
The motion court correctly determined that discovery was necessary to determine the extent of plaintiff board of manager's rights under defendant J Construction's contract with defendant sponsor (see Diamond Castle Partners IV PRC, L.P. v IAC/InterActiveCorp, 82 AD3d 421, 422 [1st Dept 2011]). While paragraph 22.12 of the agreement provides that "the [sponsor] and [J Construction] do not intend to create any interest in favor of any third party by this Agreement," paragraph 22.5 of the agreement provides that "[t]his Agreement shall inure to the benefit of and shall be binding upon the successors and assigns of Owner," and the complaint alleges that the sponsor agreed in the offering plan to assign all warranties to the board of managers. Thus, it may be that plaintiff is a successor or an assignee under paragraph 22.5.
However, no such provision appears in the Cetra defendants' contract with the sponsor, and plaintiff failed to allege any other facts that would support its assertion that it was an intended beneficiary under that agreement (see Alicea v City of New York, 145 AD2d 315, 316 [1st Dept 1988] ["in claiming third-party beneficiary status, plaintiffs did no cite any specific clause of the contract"]). For the same reasons, plaintiff failed to establish privity of contract, and therefore failed to state a cause of action for damages for economic loss arising from negligence in a contractual relationship (see Residential Bd. of Mgrs. of Zeckendorf Towers v Union Sq.-14th St. Assoc., 190 AD2d 636 [1st Dept 1993]). Plaintiff also failed to allege facts that would establish the functional equivalent of privity (Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417, 424-425 [1989]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2020
CLERK