Foran v Computershare, Inc. (2020 NY Slip Op 05809)





Foran v Computershare, Inc.


2020 NY Slip Op 05809


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Renwick, J.P., Gesmer, González, Scarpulla, JJ. 


Index No. 150159/16 Appeal No. 12074 Case No. 2019-3790 

[*1]Marie Foran as Administrator of the Estate of Cornelius Sullivan, Plaintiff-Appellant,
v
Computershare, Inc., Defendant-Respondent, John Doe, Defendant.


Tarter Krinsky & Drogin LLP, New York (Robert G. Heim of counsel), for appellant.
Saiber LLC, Florham Park, NJ (James Henry Forte of the bar of the State of New Jersey, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Anthony Cannataro, J.), entered April 4, 2019, which granted defendant's motion for summary judgment dismissing the second amended complaint, unanimously affirmed, without costs.
Defendant made a primafacie showing of entitlement to judgment as a matter of law on grounds that Cornelius W. Sullivan (CWS) was the owner of the shares at issue, and plaintiff, administrator of the estate of Cornelius A. Sullivan (CAS), failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Plaintiff's case for ownership of the shares is based on an unsubstantiated comment by CAS's sister, an inscrutable, handwritten, undated list she found years after CAS's death that correlated with no other information received from defendant, and documents issued by defendant that were the product of plainly acknowledged error on its part. Plaintiff's suggestion that there may have been an account owned by CAS because she used his social security number to identify him in correspondence and because defendant kept track of accounts by social security number as a general matter, is unavailing, as there is no proof that account searches performed by using CAS's social security number yielded any results.
In view of the foregoing, the conversion claim was properly dismissed because plaintiff was unable to show triable issues as to CAS's possessory right or interest in the property, such that defendant's dominion over the shares could be deemed wrongful (Pappas v Tzolis, 20 NY3d 228, 234 [2012]). Her negligence claim was also properly dismissed because, without having presented triable issues as to whether CAS had an account maintained by defendant, she could not show defendant owed him any duty (see Lauer v City of New York, 95 NY2d 95, 100 [2000]). The third-party beneficiary claim for breach of contract was properly dismissed. Having failed to create a triable issue that CAS owned the shares, plaintiff does not show how her third-party beneficiary theory is viable, or that CAS would have had any enforceable right on such basis (see Alicea v City of New York, 145 AD2d 315 [1st Dept 1988]). Plaintiff shows no reason to disturb dismissal of the unjust enrichment claim, as she does not show why defendant's
return of the shares to CWS, after its mistaken transfer of them to her, should be deemed inequitable or unjust (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020