Levin v Salvini (2021 NY Slip Op 02074)





Levin v Salvini


2021 NY Slip Op 02074


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Manzanet-Daniels, J.P., Kern, González, Shulman, JJ. 


Index No. 650477/17 Appeal No. 13494 Case No. 2020-01798 

[*1]Norberto Jorge Levin et al., Plaintiffs-Appellants,
v
Carlos Luis Salvini et al., Defendants-Respondents.


Schlam Stone & Dolan LLP, New York (Samuel L. Butt of counsel), for appellants.
Fox Horan & Camerini LLP, New York (Jeffrey M. Greilsheimer of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered September 4, 2019, which, inter alia, granted defendants' motion to dismiss claims asserted by plaintiff Levin as assignee of nonparties Organizacao Levin do Brasil Ltda. and Organizacion Levin de Argentina S.A. (collectively Levin Brazil/Argentina), unanimously affirmed, with costs.
Plaintiff Levin is the majority partner of Fondo De Inversion Privado Levin Global (the Fund), a Chilean "society." The Fund is the owner of Corporate Assets S.L. (Corporate Assets), a Spanish holding company for various Levin business entities, including Levin Brazil/Argentina. During the relevant period, the Fund was owned by six equity partners, including defendants Salvini and Valentim Gugliano, known as "Contributors." The partnership was governed by an agreement called the "Contributors Agreement" that contained a noncompete clause that provided, in part, "Contributors undertake to not engage, directly or indirectly through Related Companies, in any activity whatsoever (investment, administration, advising, etc.) that is currently engaged in by the Fund or by any of the companies or entities controlled by the Fund." Levin commenced this action against defendants, alleging that they breached the noncompete clause by creating a competing firm in Brazil, while still employed by Levin entities, and deliberately causing a Levin Brazil project to fail in order to bolster their competing firm. Plaintiff Levin individually sues as a Contributor to recover damages under the Contributors Agreement and also seeks to assert claims purportedly assigned to him by Levin Brazil/Argentina to recover significant damages they sustained as a direct result of defendants' competition and the resulting failure of the project.
The motion court properly found that it did not have subject matter jurisdiction over the assigned claims of Levin Brazil/Argentina. The sole basis for jurisdiction in New York is the forum selection clause in the Contributors Agreement, which encompasses claims that arise under the Contributors Agreement and that "arise between Contributors, or those that are Companies related to one of the Contributors, or between the latter and the Fund."
Plaintiffs argue that Levin Brazil/Argentina's claims arise under the Agreement because they are third-party beneficiaries of its noncompete clause. However, the Contributors Agreement does not expressly mention these entities or otherwise demonstrate an intent to confer any benefit on them (see LaSalle Natl. Bank v Ernst & Young, 285 AD2d 101, 108-109 [1st Dept 2001]; see also State of Cal. Pub. Employees Retirement Sys. v Shearman & Sterling, 95 NY2d 427, 434-435 [2000]). Since the Contributors could bring suit for breach of the noncompete clause, Levin Brazil and Levin Argentina are not "the only one[s] who could recover for the breach of contract" (Dormitory Auth. Of the State of N.Y v Samson Constr. Co., 30 NY3d 704, 710 [2018]). Moreover, the [*2]Contributors Agreement does not "evince a discernible intent to allow recovery for the specific damages to the third part[ies] that result from a breach thereof" (Alicea v City of New York, 145 AD2d 315, 317 [1st Dept 1988]). Indeed, a provision in the Agreement only allows for the "Remaining Contributors," including Levin, to recover damages for any breach. Thus, these entities are, at most, incidental beneficiaries (see Port Chester Elec. Constr. Co. v Atlas, 40 NY2d 652, 656 [1976]).
Further, under a reasonable reading of the contract as a whole, the reference to "Companies related to one of the Contributors" in the forum selection clause does not encompass claims between Levin Brazil/Argentina and defendants, as Contributors. Under the Agreement, the term "Related Companies" applies to companies like the firm, Real Valor through which defendants allegedly competed with the business of the Fund and Levin Brazil/Argentina. Plaintiffs' reading of the clause, which would extend to entities controlled by the Fund, would be inconsistent with the reasonable expectations of the parties, as there is little need for a provision concerning conflicts between such entities and the Fund, which merely holds their assets (see e.g. Luver Plumbing & Heating, Inc. v Mo's Plumbing & Heating, 144 AD3d 587 [1st Dept 2016]).
Since the claims assigned by Levin Brazil/Argentina are not encompassed by the forum selection clause, they cannot enforce the forum selection clause as parties "closely related" to Levin, as one of the signatories, even if they had shown a relationship "sufficiently close," such that such enforcement of the forum selection clause would be foreseeable (see Freeford Ltd. v Pendleton, 53 AD3d 32, 39 [1st Dept 2008], lv denied 12 NY3d 702 [2009]).
The purported assignments of Levin Brazil/Argentina's claims to Levin are irrelevant because New York does not have jurisdiction over these claims, and a mere assignment does not include them within the purview of the Contributors Agreement (see e.g. New York & Presbyterian Hosp. v Country-Wide Ins. Co., 17 NY3d 586, 592 [2011]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021