ShuttleCloud Corp. v New York State Dept. of Taxation & Fin. (2021 NY Slip Op 05407)





ShuttleCloud Corp. v New York State Dept. of Taxation & Fin.


2021 NY Slip Op 05407


Decided on October 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 07, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, González, Pitt, JJ. 


Index No. 651565/19 Appeal No. 14318 Case No. 2020-04161 

[*1]ShuttleCloud Corp., Plaintiff-Appellant,
v
New York State Department of Taxation and Finance, et al., Defendants-Respondents.


Zemsky Law, PLLC, New York (Richard P. Zemsky of counsel), for appellant.
Letitia James, Attorney General, New York (Linda Fang of counsel), for New York State Department of Taxation and Finance, respondent.
Georgia M. Pestana, Corporation Counsel, New York (Kevin R. Harkins of counsel), for New York City Department of Finance, Jacques Jiha and Bill DeBlasio, respondents.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered September 8, 2020, which declared that the challenged statutes are constitutional and otherwise granted defendants' motions to dismiss the complaint, unanimously affirmed, without costs.
Contrary to plaintiff's contention, the State and City provide administrative remedies for a taxpayer challenge to the amount of overpayment interest it received (Matter of Michael A. Goldstein No. 1 Trust v Tax Appeals Trib. of the State of N.Y., 101 AD3d 1496 [3d Dept 2012]). As such, the action was properly dismissed for plaintiff's failure to exhaust its administrative remedies.
Nor is the mandatory first installment payment of the franchise tax a "debt obligation" of the State (see Tax Law 213-b, 603, 609), as that term is used in the State NY Constitution, article VII, § 9. As such, the payment of interest more than a year after the installment is paid does not run afoul of the State Constitution.
Given the legitimate purpose of the mandatory first installment, to secure tax payments for the franchise tax, and the availability of administrative remedies, the tax regime at issue does not violate substantive or procedural due process (County of Sacramento v Lewis, 523 US 833, 846 [1998]).
Defendants correctly read the statutes at issue. Plaintiff's reading, which would have the time for paying interest differ based on whether the Commissioner of Taxation and Finance had set a rate or left it to the default rate of interest, would lead to an absurd result (see Luver Plumbing & Heating, Inc. v Mo's Plumbing & Heating, 144 AD3d 587, 588 [1st Dept 2016]).
Plaintiff's complaint about the calculation of the interest owed is incorrect, in light of the undisputed facts and the correct interpretation of the statutes. Its argument as to carrying forward credits, raised for the first time on appeal, cannot be resolved on the existing record, and thus we decline to reach it (cf. Chateau D'If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]).
Finally, given that the amount of interest tendered by defendants in the refund
checks they tendered was correct, the court correctly concluded that the claims are moot.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2021