Allen v New York City Tr. Auth. (2024 NY Slip Op 06649)

Allen v New York City Tr. Auth.

2024 NY Slip Op 06649

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Webber, J.P., Moulton, Friedman, Mendez, Shulman, JJ. 

Index No. 150116/15 Appeal No. 3330 Case No. 2023-06555 

[*1]Angelin Allen, Appellant,
v
New York City Transit Authority et al., Defendants, Corp Trans Group (CTG) et al., Respondents.

Taubman Kimelman & Soroka, LLP, New York (Antonette M. Milcetic of counsel), for appellant.
Tuch & Cohen, LLP, Westbury (Kenneth R. Tuch of counsel), for respondents.

Order, Supreme Court, New York County (James G. Clynes, J.), entered October 10, 2023, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Corp Trans Group (CTG) and Allstate Private Car & Limousine, Inc. for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff was injured when she was exiting a van provided by Access-A-Ride, a paratransit service operated by defendants New York City Transit Authority (NYCTA) and Metropolitan Transportation Authority. Defendant CTG, which provides dispatch and other services to transportation companies including its affiliate Allstate, participates in the Access-A-Ride program, and its participation in the program is governed by a contract between it and NYCTA. Insofar as relevant to this appeal, plaintiff contends that she was a third-party beneficiary of the contract and that CTG breached the contract because it agreed to furnish all resources necessary to provide safe paratransit services yet failed to furnish a method for safely exiting the van.
Although Supreme Court did not address the argument, we find that defendants established their prima facie entitlement to summary judgment by submitting evidence that plaintiff was not an intended third-party beneficiary of the contract between CTG and NYCTA. The language of CTG and NYCTA's contract, which defendants submitted on their motion, does not evince any intent to permit enforcement by a third party, nor does the contract language indicate that CTG and NYCTA assumed a duty to compensate a third party if safe transit was not provided (see Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786 [2006]; see also Edge Mgt. Consulting, Inc. v Blank, 25 AD3d 364, 369 [1st Dept 2006], lv dismissed 7 NY3d 864 [2006]). In opposition, plaintiff failed to raise a triable issue of fact, as she submitted no evidence demonstrating that she had any enforceable rights under the contract (see Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38, 45 [1985]; Alicea v City of New York, 145 AD2d 315, 317 [1st Dept 1988]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024