Rosalie H. FIELDS, Plaintiff

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Defendant.

No. 03 Civ. 8363(SHS).

United States District Court, S.D. New York.

Jan. 27, 2004.

Anne Marie Estevez, W. Dan Boone, Bolin & Boone, New York City, for Plaintiff.

Sarah T. Martinez, Morgan, Lewis and Bockius LLP, New York City, for Defendant.

*OPINION & ORDER*

STEIN, District Judge.

Rosalie Fields has brought this action alleging in Count IV of the complaint that defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill") failed to promote her because of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2, *et seq.* ("Title VII"). Defendant now moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss Count IV of the complaint as time-barred. For the reasons set forth below, defendant's motion is granted.

## I. Background

The following facts are as set forth in the complaint. Fields has been employed by Merrill since 1985 as a Financial Advisor. (Compl.¶ 2). In March of 2001, she interviewed for a position as a Producing Sales Manager, and was initially told by a Merrill employee, Michael Fusco, that she had secured the position. (Compl.¶¶ 16, 19, 22). She was later told by a different supervising employee that no new Sales Managers would be hired. (Compl.¶ 27). Finally, in August 2001 and again in February of 2002, two males were hired as Sales Managers, the position for which plaintiff had applied. (Compl.¶¶ 28, 29). Merrill's failure to promote her is the basis of Fields' claim for employment discrimination, and the last act complained of occurred in February 2002.

Prior to bringing this action, plaintiff participated as a class member in a lawsuit filed in the United States District Court for the Northern District of Illinois, *Marybeth Cremin, et al., v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al.,* No. 96 Civ. 3773, which was eventually settled by agreement of the parties and order of the court. (Compl.¶ 48). As part of that settlement, Merrill agreed to establish a new independent remedy to address employment discrimination called the Merrill Lynch Employment Dispute Resolution Program ("Merrill EDR Program") (*Id.*). That program has three steps: First, the employee presents her discrimination claim to a Merrill human resources representative to see if the dispute can be resolved at that level. If the dispute is not resolved by the human resources representative, the employee can proceed to step two and formally request a mediation, which must be held within 60 days of the request. Finally, if the mediation fails, the employee can then either demand arbitration or file a federal suit. (Compl., Exh. A, "Employment Dispute Resolution Program: Rules & Procedures," ("Rules & Procedures"), p. 2).

Fields contends that she kept trying to present her claims to a Merrill human resources representative pursuant to step one of the Merrill EDR Program through November 20, 2002. (Compl. ¶¶ 31, 33, and Exh. B; see also Plt's Mem. in Opp., p. 6). Taking the position that her dispute had not been resolved by the Merrill human resources representative, she invoked step two of the Merrill EDR Program seven months later, on June 19, 2003, when she formally requested mediation. (Compl.¶ 35, Exh. D). Although the Merrill EDR Program "Rules & Procedures" states that the mediation should have occurred within 60 days of being requested, (Compl, Exh. A), the mediation "has never been held." (Compl.¶ 38).

After plaintiff requested the mediation through Merrill's EDR Program, she also filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in late July 2003. (Compl. ¶ 61; Exh. E). The EEOC then issued a Right to Sue letter two weeks later, on August 5, 2003, (Compl.Exh. F), in which the EEOC wrote that it was "closing its file" and dismissing plaintiff's charge because "[y]our charge was not timely filed

with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." (*Id.*). The EEOC also notified the plaintiff that any federal litigation "must be filed within 90 days" of receipt of the Right to Sue letter. (*Id.*). Fields filed this complaint on October 23, 2003, which was within the 90 day period.

## II. Discussion

### A. *Standard of Review*

When deciding a motion to dismiss a claim for relief pursuant to Fed.R.Civ.P. 12(b)(6), a court must accept all of the well-pleaded facts in the complaint as true and draw all reasonable inferences from those allegations in favor of the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The complaint will survive the defendant's motion to dismiss unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court may only consider "the facts alleged in the complaint and any documents attached to the complaint or incorporated by reference." *Rombach v. Chang*, 355 F.3d 164, 169 (2d Cir.2004); *see also Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir.1991).

### B. *Plaintiff's Title VII Claim Is Time–Barred*

A party seeking to recover damages pursuant to Title VII must first comply with the prerequisite set forth in 42 U.S.C. § 2000e–5(e)(1) by filing a Charge of Discrimination with the EEOC within 300 days of the last act of unlawful discrimination. If that charge is not timely filed, a Title VII claim must be dismissed. *See Lambert v. Genesee Hosp.*, 10 F.3d 46, 53 (2d Cir.1993).

The last act of discrimination alleged by Fields in this complaint is the February 2002 failure by Merrill to promote her to Sales Manager. In a claim brought pursuant to Title VII based on failure to promote, that failure to promote is treated as a discrete act of discrimination, and the EEOC Charge of Discrimination must be brought within 300 days of that failure. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

Thus, plaintiff's Charge of Discrimination filed with the EEOC in July 2003— seventeen months after the last act of discrimination complained of—was outside the statutory period. However, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). This is because "[f]airness, and not excessive technicality, must guide the consideration of Title VII actions." *Love v. Pullman Co.*, 404 U.S. 522, 526–27, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). The Court will now examine whether any grounds exist permitting this litigation to go forward despite plaintiff's failure to comply with the statutory prerequisite to doing so.

#### 1. *The Merrill EDR Program Did Not Release Fields from the Obligation to File a Timely Charge of Discrimination*

Plaintiff claims that because the Merrill EDR Program offered an alternative method of resolving employment disputes, it "effectively waive[s] the 300[day] filing rule altogether by establishing a different procedure." (Plt.'s Mem in Opp., p. 8 & fn. 11). Her belief is based on the fact

that step three of the Merrill EDR Program permits a complainant to file a law suit without explicitly referencing any time limit in which to do so. Thus, she contends that the system suggests to the complainant that if she enters into the Merrill EDR Program, and that program fails to resolve the dispute, she will be able to file a suit, without regard to the 300 day limitation. Fields' contention is unsupported by the Merrill EDR Program's Rules & Procedures, (Compl., Exh. A), because those Rules & Procedures in no way indicate that the Merrill EDR Program displaces its employees' statutory time limitations and prerequisites to filing Title VII remedies.

Fields quotes the following language from the Rules & Procedures in support of her contention: "Nothing contained in these Rules & Procedures shall preclude a current or former employee from filing an administrative charge or complaint with the EEOC ... but Merrill Lynch may seek a stay of the processing of any such charge ... during the pendency of ... arbitration." (Compl.Exh. A, p. 10). Plaintiff reads this passage to mean that the Merrill EDR Program did not require complainants participating in arbitration to file EEOC claims within the statutory 300 days. However, nothing in the passage supports her contention. On the contrary, a plain reading of this passage indicates that the arbitration process operates separate and apart from EEOC procedures and all that passage does is permit Merrill to seek a stay of the processing by the EEOC of any charge that was filed there—it does not authorize any late filing at the EEOC.

Other information provided in the Rules & Procedures supports the conclusion that an employee cannot ignore the 300 day requirement set forth in 42 U.S.C. § 2000e–5(e)(1). In the section entitled "Time Limits/Tolling of Statute of Limita-

tions," the Rules & Procedures states that "[n]othing in these Rules & Procedures shall be construed as extending any statutes of limitation that expired prior to the ... receipt of the Request for Mediation." (Compl.Exh. A, p. 4–5). Because plaintiff claims she requested mediation on June 19, 2003, (Compl.¶ 35, Exh. D), which was long after the 300 day period had expired, the Rules & Procedures can give plaintiff no comfort in her position. Her participation in the Merrill EDR Program does not excuse her obligation to comply with the statutory prerequisites to a Title VII claim.

### 2. The Doctrine of Equitable Estoppel Will Not Save Plaintiff's Time–Barred Claim

Fields also claims that the doctrine of equitable estoppel should be applied to excuse her failure to file her EEOC charge within 300 days of the alleged discriminatory act based on her participation in the Merrill EDR Program. Equitable estoppel prevents a defendant from using the statute of limitations as a defense only where "a plaintiff knew of the existence of his cause of action, but the defendant's conduct caused him to bring his suit in a defective manner." See Avillan v. Potter, No. 01 Civ. 1648, 2002 WL 252479, at *3 (S.D.N.Y. Feb. 21, 2002); Cerbone v. Int'l Ladies' Garment Workers' Union, 768 F.2d 45, 48–49 (2d Cir.1985). "The burden of demonstrating the appropriateness of equitable tolling ... lies with the plaintiff." Boos v. Runyon, 201 F.3d 178, 185 (2d Cir.2000).

The doctrine applies where the employer has "lulled the plaintiff into believing that it was not necessary for him to commence litigation." Dillman v. Combustion Eng'g, Inc. 784 F.2d 57, 61 (2d Cir.1986). "Equity will not actually lift the procedural bar, however, unless the plain-

tiff shows that he (1) was unaware of or unable to meet his procedural obligations (2) because of affirmative misconduct on the part of the defendant." *Avillan v. Potter,* 2002 WL 252479, at *3. Fields has not met the second prong of that test because she has not shown that Merrill's conduct caused her to fail to file an EEOC charge within the statutory 300 day window.

Plaintiff makes various bald assertions that Merrill administered the Merrill EDR Program in bad faith. Those assertions will not invoke the doctrine of equitable estoppel, however, unless plaintiff can show that Merrill's alleged misconduct was the cause of her procedural default. She accuses Merrill of "stall[ing] and temporizing" in addressing her complaint during step one of the Merrill EDR Program. (Compl.¶34). Fields fails to show how any delay in concluding step one of the Merrill EDR Program prevented her from filing a timely Charge of Discrimination.

During the interval between November 20, 2002, when Fields admits her step one efforts had concluded, (Compl. ¶¶ 31, 33; Exh. B), and June 19, 2003, when plaintiff requested mediation, a full seven months later, her 300 days to initiate the EEOC Charge of Discrimination expired. Plaintiff has not set forth any conduct by Merrill in that November–to–June period that prevented her from filing an EEOC charge during that time. Equitable estoppel will not apply to excuse her failure in that time period, especially because courts are "less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Thus, because Fields has not shown that her failure to file an EEOC Charge of Discrimination within 300 days of the last act of discrimination charged can be attributed to defendant's affirmative misconduct, equitable estoppel will not save her procedurally barred Title VII claim.

### 3. *The Continuing Violation Doctrine Does Not Save Plaintiff's Claim*

 Plaintiff contends that her Charge of Discrimination was in fact timely filed with the EEOC due to the operation of the continuing violation doctrine. That doctrine provides: "If a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone." *Lambert,* 10 F.3d at 53. Here, however, plaintiff has not alleged that Merrill engaged in any discriminatory conduct during the 300 days prior to filing her Charge of Discrimination with the EEOC. Absent a specific allegation of discriminatory conduct within the applicable time period, the fact that plaintiff continued to work for Merrill after the last act complained of is insufficient to constitute a continuing violation. *See Delaware State College v. Ricks,* 449 U.S. 250, 257, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). Therefore, the continuing violation doctrine does not save plaintiff's claims.

### 4. *Plaintiff's Claim Is Not Saved by the Single Filing Rule*

 Plaintiff believes that because she participated in a class action suit against Merrill that was filed in 1996, her charge of discrimination falls within the "single filing" rule. (Compl.¶61). That rule operates so that "[w]here one plaintiff has filed a timely EEOC complaint, other non-filing plaintiffs may join the action if their individual claims arise out of similar discriminatory treatment ..." *Adames v. Mitsubishi Bank, Ltd.,* 751 F.Supp. 1565, 1571 (E.D.N.Y.1990). Fields alleges that

the class action in which she participated as a member of the class, *Marybeth Cremin, et al., v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al.,* No. 96 Civ. 3773, afforded Merrill sufficient notice of the gender-based discrimination occurring within the company, and should thereby bring her claim within the single filing rule. However, she has not shown a sufficient link between that lawsuit and the present action. Allowing her to attach her present claims to that 1996 lawsuit more than seven years after it was initiated, solely on the grounds that it involved gender discrimination, would eviscerate the statutory requirement of 42 U.S.C. § 2000e–5(e)(1) for all entities that had ever faced a discrimination lawsuit. Because plaintiff has not pointed to any EEOC Charge of Discrimination involving similar discriminatory treatment that she should be entitled to join, the single filing rule will not preserve her untimely claim.

## III. Conclusion

Because plaintiff did not file her charge of discrimination with the EEOC within 300 days of the last act of discrimination complained of, defendant's motion to dismiss Count IV of the complaint is granted. Plaintiff's remaining claims for relief are based on state law. This Court declines to accept supplemental jurisdiction over those state law claims pursuant to 28 U.S.C. § 1367(c)(3). Therefore, Count IV is dismissed with prejudice and the remaining claims are dismissed without prejudice.

SO ORDERED.