Sharon B. POLLOCK, Plaintiff,

v.

Michael CHERTOFF, Secretary of Homeland Security, et al., Defendants.

No. 00–CV–6511L.

United States District Court, W.D. New York.

March 24, 2005.

As Amended March 28, 2005.

Emmelyn S. Logan–Baldwin, Rochester, NY, for Plaintiff.

Michael P. Collins, Bond, Schoeneck & King, Michael I. Bernstein, Benetar Bernstein Schair & Stein, New York City, for Defendants.

*DECISION AND ORDER*

LARIMER, District Judge.

## INTRODUCTION

Plaintiff is a former employee of defendant The Barbosa Group, a private employer who, at all relevant times, provided administrative and other services at the

Buffalo Detention Center ("BDC") pursuant to a contract with the Immigration and Naturalization Service ("the Government").[1] Plaintiff brought this action against the Government and the Barbosa defendants asserting federal and state law claims based on her employment at and termination from the BDC. Plaintiff claims that defendants discriminated against her on account of her gender and terminated her without cause or due process.

This Decision and Order addresses a number of motions currently pending before the Court. The Government has moved for summary judgment pursuant to FED. R. CIV. P. 56 on plaintiff's Title VII claim for failure to exhaust administrative remedies.[2] (Dkt. # 107). In response, plaintiff has cross-moved for discovery pursuant to FED. R. CIV. P. 56(f). (Dkt. # 110). The Government thereafter moved to strike certain portions of plaintiff's motion response as improper surreply. (Dkt. # 122).

For the reasons set forth below, the Government's motion for summary judgment is granted, and plaintiff's cross-motion is denied. The remainder of the defendants' motions are denied as moot.

## DISCUSSION

### I. Exhaustion of Administrative Remedies

In *Pollock v. Ridge,* 310 F.Supp.2d 519 (W.D.N.Y.2004) (Dkt.# 94), I denied the Government's motion to dismiss plaintiff's Title VII claim based on the alleged failure to exhaust administrative remedies, finding that the issue could not be decided in the context of a motion to dismiss. Recognizing that exhaustion is an affirmative defense subject to equitable tolling, estoppel, and waiver, and that plaintiff bears the burden of proving that equitable reasons exist for noncompliance, I held that plaintiff was entitled to discovery on that issue.

The Government now moves for summary judgment on plaintiff's Title VII claim, again based on her alleged failure to exhaust. The Government argues that plaintiff did not comply in a timely manner with the two-step exhaustion process for discrimination claims against federal agencies, as required by 42 U.S.C. § 2000e–16 and 29 C.F.R. § 1614.105 *et seq.* Together, these requirements direct that, prior to commencing an action in district court, plaintiff first must seek informal counseling with an EEO counselor within 45 days of termination. Once the EEO counselor has issued a notice of final interview, plaintiff must file a formal complaint with the governmental agency or department within 15 days. *See* 29 C.F.R. §§ 1614.105 and 1614.106. If the agency issues a notice of final action, plaintiff has 90 days to file a civil action in district court. If the agency takes no action within 180 days of filing the formal complaint, plaintiff may file a civil action in district court. 42 U.S.C. § 2000e–16(c).

Here, plaintiff concedes that she did not seek informal counseling within 45 days of her termination. It is undisputed that the

---

**1.** Pursuant to the Homeland Security Act of 2002, 6 U.S.C. §§ 101 et seq., the INS was abolished and its duties and responsibilities were transferred to the newly-created Department of Homeland Security ("DHS"). By Dkt. # 73, the Court ordered that Tom Ridge, then Secretary of the DHS, be substituted as the party defendant for the Government. On February 15, 2005, Michael Chertoff was sworn in as the second Secretary of the DHS. Pursuant to FED. R. CIV. P. 25(d)(1), Chertoff is automatically substituted as defendant in place of Ridge.

For ease of reference, the Court will refer to "the Government" in this Decision and Order to mean the former INS and current DHS.

**2.** By previous Decision and Order, the Court dismissed all but one of plaintiff's claims against the Government. (*See* Dkts.#73 and 94). The only claim that remains against the Government is plaintiff's Title VII claim.

first step plaintiff took to exhaust her administrative remedies was to file a letter complaint with the Government on February 29, 2000, approximately 328 days after she was terminated. (*See Dkt. # 32*, Ex. A). Normally, such an obvious failure to timely comply with the exhaustion requirements would preclude plaintiff from bringing a Title VII action in federal court. *See, e.g., Briones v. Runyon*, 101 F.3d 287, 289–90 (2d Cir.1996). However, plaintiff's failure to contact an EEO counselor within 45 days may be extended or excused under certain limited circumstances.

EEOC regulations applicable to Title VII claims against the Government provide that:

> [t]he agency or the Commission shall extend the 45–day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been (sic) known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2).

In addition, the Supreme Court has also permitted equitable tolling or estoppel "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complaint has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *see also South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11–12 (2d Cir.1994).

■ Plaintiff bears the burden of proving that she is entitled to equitable relief from the exhaustion requirement. *See Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir.2000). As discussed below, I find that plaintiff has failed to prove that any of the equitable exceptions should apply in this case.

## A. Equitable Tolling

■ Relying on the first exception delineated in 29 C.F.R. § 1614.105(a)(2), plaintiff claims that she is entitled to toll the 45–day time period to seek informal counseling because the Government failed to notify her of the 45–day time limit. That is, she argues that "she was not notified of the time limits and was not otherwise aware of them." 29 C.F.R. § 1614.105(a)(2).

Initially, I agree with plaintiff that an issue of fact exists regarding whether the Government provided adequate notice to her of her EEO rights. (*See, e.g.,* Dkt. # 113, Ex. 1, ¶¶ 27–29). The Government claims that it gave ample notice to all employees, including contract employees like plaintiff, of the procedure to follow to pursue an EEO complaint. Affidavits and photographs submitted by the Government support its contention that it posted EEO signs on BDC bulletin boards. (*See, e.g.,* Dkt. # 107, Claus Aff., Ex. A). Plaintiff disputes this, and states in an affidavit that no such signs were posted during her tenure at BDC. Moreover, she states that defendants told her throughout her tenure that the BDC bulletin boards did not apply to contract employees of Barbosa, only INS employees. Whether plaintiff was not notified of the time limits, therefore, is clearly a question of fact that cannot be resolved by the Court on a motion for summary judgment.

Nevertheless, the inquiry does not end there. To show entitlement to the regulatory toll, Section 1614.105(a)(2) requires that plaintiff also prove that she "was not

otherwise aware of" the 45–day time limit. Based on the record before the Court, plaintiff cannot make this showing. The fact that plaintiff was represented by counsel during the period she seeks to have tolled prevents her from demonstrating that she was unaware of her obligation to seek informal counseling.

It is undisputed that on April 9, 1999, just two days after her termination, plaintiff retained her current counsel. Courts in this Circuit and elsewhere recognize that, once a plaintiff retains counsel, tolling generally ceases because plaintiff has "gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements." *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1050 (9th Cir.1987) (quotations omitted); *Keyse v. California Texas Oil Corp.*, 590 F.2d 45, 47 (2d Cir.1978); *see also Lynk v. Henderson*, 98 Civ.2086, 2000 WL 178859, *7 (S.D.N.Y. Feb. 15, 2000) ("A lack of diligence on the part of plaintiff's attorney does not justify equitable tolling of the 45–day time limit"); *Economou v. Caldera*, No. 99 Civ. 12117, 2000 WL 1844773, *19–20 (S.D.N.Y. Dec. 18, 2000) ("Equitable relief is particularly inappropriate where the plaintiff was represented by counsel during the relevant period."), *aff'd*, 286 F.3d 144 (2d Cir.2002); *accord Mercado–Garcia v. Ponce Fed. Bank*, 979 F.2d 890, 896 (1st Cir.1992); *Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 353 n. 8 (7th Cir.1992); *Beshears v. Asbill*, 930 F.2d 1348, 1351 (8th Cir.1991).

Here, plaintiff had constructive knowledge of the 45–day time limit through her counsel, an attorney who has represented numerous plaintiffs in employment discrimination cases against both private and public entities.[3] *McCain v. Eaton Corp.*, NO. CV 88–3309, 1990 WL 127583, *4

(E.D.N.Y. Aug 29, 1990) (equitable toll not appropriate where plaintiff, who had consulted counsel about the facts and circumstances of potential discrimination claim, "can fairly be said to have 'had access to a means of acquiring knowledge of his rights and responsibilities.'") (quoting *Smith v. Am. President Lines*, 571 F.2d 102, 109 (2d Cir.1978)).

■ Plaintiff's counsel argues that she could not obtain information from plaintiff about "any person or entity" to whom she should direct plaintiff for informal counseling because no one at BDC ever gave plaintiff that information. (Dkt.# 119, ¶ 12). Therefore, plaintiff's counsel argues, before she could take action to preserve her client's rights, she needed a "better understanding, substantiated by an appropriate investigation," about who, in fact, was plaintiff's employer. (*Id.*). I disagree.

Arguably, at the time of her termination in April 1999, plaintiff's employment relationship with the Government was ambiguous, at best. In fact, there is ample support in the record that, throughout her tenure, the Barbosa defendants repeatedly told plaintiff that she was not a federal employee. (*See, e.g.,* Dkt. # 113, ¶¶ 46–48 and Ex. 6).

Plaintiff's counsel admits, however, that at the time she was retained, plaintiff described an employment relationship with Barbosa "that certainly suggested there was ... a joint employer situation, or that one of these entities was the agent of the other." (Dkt. # 119, ¶ 6). Armed with this understanding, counsel knew or should have know then that there were administrative remedies that plaintiff may need to pursue, regardless of whether

---

**3.** *See, e.g., Sands v. Runyon*, 28 F.3d 1323, 1331 (2d Cir.1994); *Bliss v. Rochester City Sch. Dist.*, 196 F.Supp.2d 314 (W.D.N.Y. 2002); *Murungi v. Dep't of Veterans Affairs*, 136 F.Supp.2d 154 (W.D.N.Y.2001).

plaintiff could be considered a federal employee or a private employee of the Barbosa defendants. Plaintiff was faced with three options vis-a-vis her Title VII claims—request informal counseling from the Government, file a charge of discrimination with the EEOC, or both. Yet, she did none of the above.

It is undisputed that plaintiff did not request informal counseling from anyone at the Government. Nor did she inquire about how to initiate the EEO process. Plaintiff did not even file a timely administrative charge of discrimination with the EEOC against the Barbosa defendants; there is no doubt that she worked for that entity.[4] If she had exhausted her administrative remedies against the Barbosa defendants, she could have at least made a credible argument that, given the joint employer relationship between Barbosa and the Government, equitable reasons would allow her to pursue her Title VII claim against the Government despite the fact that she did not seek informal counseling. But, I need not decide that question because that did not occur.

■ Instead of pursuing administrative remedies against either employer, plaintiff's counsel sent a Freedom of Information Act request to the Government at its Contracting and Procurement Division in South Burlington, Vermont on April 12, 1999, five days after plaintiff was terminated. Plaintiff requested documents relating to the contract between the Barbosa defendants and the Government, in addition to other documents relating to plaintiff's employment.[5]

Plaintiff's argument that she is not responsible for failing to make a timely request for informal counseling because the Government responded to her FOIA request well after the 45-day window had closed is completely without merit. Plaintiff advances the novel contention that the 45-day time period should be excused entirely because she opted to send a FOIA request. Plaintiff cites no support for this contention and I find it to be unpersuasive. A FOIA request cannot take the place of the very specific EEOC administrative process. Plaintiff cannot satisfy a filing deadline simply by sending a FOIA request within the relevant time period.

■ In any event, even assuming that plaintiff was entitled to equitably toll the deadline until her FOIA request was answered, there is no basis to continue that toll for the length of time plaintiff requests here. The Government responded to the plaintiff's FOIA request on or about June 24, 1999 (or 78 days after plaintiff was terminated). (*See* Dkt. # 113, Exs. 1–3). For approximately the next eight months, plaintiff and her counsel reviewed the documents she received before taking any action to preserve plaintiff's rights or prosecute her claims. Then, on February 29, 2000, plaintiff's counsel sent a letter to Mr. Gerard J. Riordan, Administrative Contracting Officer with Department of Justice, that stated as follows:

> Please consider this letter as a complaint of discrimination/retaliation, breach of contract and defamation arising from Mrs. Pollock's employment by the United States Government and The

---

4. For this reason, I previously dismissed the Title VII claim against the Barbosa defendants. (Dkts.#73 and 94).

5. As it turns out, the Contracting Division to whom plaintiff sent the FOIA request is located at the same address in South Burlington, Vermont as the EEO office from which plain-

tiff should have requested counseling. It is the same address to which plaintiff eventually sent her February 29, 2000 letter complaint. That plaintiff's counsel was able to obtain the necessary information to craft and send a FOIA request strongly undercuts her contention that she did not know where to direct plaintiff to request informal counseling.

Barbosa Group, Inc., at the Buffalo Federal Detention Center in Batavia, New York. Since Mrs. Pollock was given no oral and/or written information during her employment about any mechanism to resolve these complaints internally, this letter is forwarded with the request that appropriate personnel respond to me in an attempt to resolve this matter short of litigation.

(Dkt.# 107, Ex. 11, ex. 4). This was the first action that plaintiff took to attempt to exhaust her administrative remedies with the Government. Plaintiff sent this letter approximately 328 days after she was terminated, and 250 days after the Government sent its FOIA response to her.

■ "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli–Edelglass v. New York City Trans. Auth.*, 333 F.3d 74, 80–81 (2d Cir.2003) (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir.2002)); *see also Irwin*, 498 U.S. at 96, 111 S.Ct. 453 ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."). Such relief is extraordinary and requires the requisite showing.

Under the circumstances presented here, I find that plaintiff and her counsel failed to act diligently. Even if the 45–day period began running the day she received her FOIA responses, plaintiff did not act with reasonable diligence thereafter. She fails to offer a sufficient explanation as to why it took her eight months to initiate the exhaustion process. Moreover, plaintiff never actually requested informal counseling or for an extension of time to do so. Instead, she filed an untimely administrative complaint. Consequently, plaintiff is not entitled to equitable tolling. *Zerilli–Edelglass*, 333 F.3d at 81 (declining to toll EEOC filing deadline where plaintiff failed to act with diligence to preserve her legal rights); *Chapman*, 288 F.3d at 512 ("a want of diligence by a plaintiff's attorney generally will not prompt a court to provide relief from a limitations period by way of an equitable toll."); *Boos*, 201 F.3d at 185 (rejecting plaintiff's claim to equitable tolling); *see also Saab Cars*, 28 F.3d at 12 ("a plaintiff's failure to act diligently is not a reason to invoke equitable tolling"); *Lynk*, 2000 WL 178859, at *7 (equitable tolling denied where plaintiff waited more than 270 days to seek informal counseling).[6]

### B. Estoppel and Waiver

■ For the same reasons, I find that the Government is not estopped from asserting exhaustion as an affirmative defense. The doctrine of equitable estoppel precludes a defendant from raising exhaustion as a defense where plaintiff demon-

---

**6.** This case is similar to *Leorna v. U.S. Dept. of State*, 105 F.3d 548 (9th Cir.1997), in which the Ninth Circuit held that plaintiff was not entitled to toll the 45–day time limit under 29 C.F.R. § 1614.105(a)(2) once she had retained counsel. The Court held that plaintiff, who had neither actual nor constructive notice of the filing time period herself, was entitled to a toll during the time that she was unrepresented. However, once she retained counsel,

plaintiff had 45 days to request informal counseling. Plaintiff in *Leorna* waited more than nine months after retaining counsel to initiate contact with the EEO and, instead of requesting informal counseling, she filed an administrative complaint. The Court found that plaintiff's complaint was untimely and that she was not entitled to equitable tolling under Section 1614.105(a)(2).

strates that the defendant's affirmative misconduct caused her to pursue her administrative remedies in an improper manner. *Fields v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 301 F.Supp.2d 259, 263–64 (S.D.N.Y.2004); *see also Long v. Frank*, 22 F.3d 54, 59 (2d Cir.1994) (affirmative misconduct must be aimed at causing a plaintiff to forgo her legal rights); *Cerbone v. Int'l Ladies' Garment Workers' Union*, 768 F.2d 45, 50 (2d Cir.1985) ("equitable estoppel is invoked in cases where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused him to delay bringing his lawsuit").

■ Equitable estoppel is not available against the Government "except in the most serious circumstances, and is applied with the utmost care and restraint." *Rojas–Reyes v. I.N.S.*, 235 F.3d 115, 126 (2d Cir.2000) (internal quotations and citations omitted). Courts should invoke the doctrine against the Government "only in those limited cases where the party can establish both that the Government made a misrepresentation upon which the party reasonably and detrimentally relied and that the Government engaged in affirmative misconduct." *City of New York v. Shalala*, 34 F.3d 1161, 1168 (2d Cir.1994).

■ Plaintiff has failed to show either a misrepresentation upon which she relied or affirmative misconduct on the part of the Government. Although plaintiff produced evidence that the Barbosa defendants told her during her tenure that she was not a federal employee and directed her follow the "chain of command" within the Barbosa organization, this conduct did not prevent her from knowing that she must exhaust administrative remedies. Plaintiff was represented by counsel two days after she was terminated and counsel admits knowing that there was a potential joint employer relationship between the Government and Barbosa. Thus, plaintiff had constructive knowledge of the time limit, and nothing the defendants had done prior to this time prevented plaintiff from pursuing her administrative remedies. *See Wayne v. Principi*, No. 01 Civ. 941, 2004 WL 389009, *6 (S.D.N.Y. Mar. 03, 2004) (estoppel not warranted where plaintiff failed to prove affirmative misconduct by the Government that prevented her from filing a timely discrimination complaint).

■ Moreover, the Government has not waived its right to assert exhaustion as a defense. Plaintiff argues that the Government's failure to respond to her February 29, 2000 complaint constitutes a waiver. I disagree. Clearly, the Government mishandled plaintiff's February 29, 2000 letter complaint by failing to respond to it in any definitive way. The Government neither granted plaintiff a waiver nor notified her pursuant to 29 C.F.R. § 1614.107 that it was dismissing her complaint as untimely. The Government failed to act on plaintiff's complaint entirely, all the while telling her and her counsel that it intended to act in the future. It appears that the Government was also perplexed by plaintiff's employment status and its obligation to her regarding EEO rights. (*See* Dkt. # 107, Ex. 11, exs. 1–4; Dkt. # 114, Ex. 1).

■ Nevertheless, "[a]n agency waives a timeliness objection by making an express finding that the complaint was timely or failing to appeal an EEOC determination of timeliness." *Bruce v. U.S. Dep't of Justice*, 314 F.3d 71, 74 (2d Cir. 2002). The Government, however, does not waive a timeliness defense by merely accepting and investigating a complaint. *See Belgrave v. Pena*, 254 F.3d 384, 387 (2d Cir.2001). Because the Government never made an explicit finding that plaintiff's complaint was timely, it cannot be said that it waived the exhaustion defense. *See Lewis v. Snow*, No. 01 Civ. 7785, 2003 WL 22077457, *7 (S.D.N.Y. Sept. 8, 2003).

In any event, the Government's failures occurred *after* plaintiff failed to act with reasonable diligence to preserve her rights. This is an important distinction. Had plaintiff acted within a reasonable time period to exhaust her administrative remedies, the Government's failure to respond might have caused a different outcome here. However, that is not the case at bar and I need not decide that question.

I am sympathetic to the fact that plaintiff here acted (or failed to act, as it were) based on the representations of her former employers and her current counsel. Nevertheless, I cannot dispense freely with the 45–day time limit, which the Supreme Court has held must be strictly construed. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1994) (holding that courts must strictly adhere to Title VII's procedural requirements and stating that these requirements "are not to be disregarded by courts out of a vague sympathy for particular litigants"). Accordingly, I hold as a matter of law that plaintiff is not entitled to an equitable exception to the requirement that she first exhaust her administrative remedies before bringing a Title VII claim against the Government.

## II. Plaintiff's Rule 56(f) Cross–Motion

Plaintiff also argues that summary judgment should be denied because discovery from the defendants is still outstanding. I disagree.

▮ Pursuant to Rule 56(f), the Court may deny summary judgment where the opposing party "cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Fed. R. Civ. P. 56(f). To support a Rule 56(f) application, plaintiff must file an affidavit describing: "(i) the information sought and how it will be obtained; (ii) how it is reasonably expected to raise a genuine issue of material fact; (iii) prior efforts to obtain the information; and (iv) why those efforts were unsuccessful." *Oneida Indian Nation v. City of Sherrill*, 337 F.3d 139, 167 (2d Cir.2003), *cert. granted*, —— U.S. ——, 124 S.Ct. 2904, 159 L.Ed.2d 810 (2004).

Plaintiff's application here falls short on the second element. Plaintiff claims that she is entitled to depose governmental and Barbosa employees about their failure to provide her notice of the procedures to file an EEO complaint. However, as discussed *supra*, at I.A., the fact that plaintiff was represented by counsel two days after her termination prevents her from showing that she was not "otherwise aware of" the time limit to seek informal counseling. 29 C.F.R. § 1614.105(a)(2). Therefore, the question of whether plaintiff herself had actual notice of the time limits is not material.

Plaintiff also seeks to depose the governmental employees who were responsible for mishandling her February 29, 2000 complaint. I fail to see how that discovery would raise a material issue of fact regarding exhaustion. Importantly, plaintiff does not argue that she initiated counseling with the EEO or that the Government granted her an actual waiver of the 45–day time limit. Further, I concede that the Government did not follow proper administrative procedures in processing her complaint. Despite that fact, though, plaintiff cannot show that she is entitled to a waiver or estoppel. It is her and her counsel's conduct *prior* to the filing of the February 29, 2000 complaint that controls the outcome here. Even assuming, therefore, that plaintiff could further show through discovery that the Government acted improperly when handling her complaint, that evidence would not change the fact that she and her attorney failed to act with reasonable diligence prior to filing the complaint in the first instance.

As for document discovery, since the Government's motion for summary judgment has been submitted, the parties have continued to exchange documents. Magistrate Judge Jonathan W. Feldman's most recent order granting plaintiff's motion to compel (Dkt.# 125) details what discovery is outstanding from defendants. After reviewing the specific requests and categories of document demands to which defendants have not yet responded, there does not appear to be any outstanding discovery that would be germane to the issue of exhaustion of administrative remedies.

Moreover, plaintiff failed to meet her burden under Rule 56(f) of showing how any outstanding document discovery would raise a material issue of fact regarding *the exhaustion requirement*. Plaintiff's argument that the discovery obtained from defendants to date supports her substantive discrimination claims against defendants is irrelevant to this motion.

### III. Dismissal of Remainder of Complaint

By virtue of this Decision and the Court's previous Decisions and Orders, all claims against the Government have been dismissed.

■ What remains of plaintiff's complaint, then, are only state law claims against the Barbosa defendants. Plaintiff's claims that were not moved against or on which summary judgment was denied are: the second claim, based on sex discrimination pursuant to N.Y. Exec. L. § 296(1); the fourth claim, based on aiding and abetting sex discrimination pursuant to N.Y. Exec. L. § 296(6); the fifth claim, based on N.Y. Civ.Rights L. §§ 40-c and 40-d; and the seventh claim, based on third party beneficiary breach of contract.

Having now dismissed all federal claims over which the Court had original jurisdiction, I decline to exercise supplemental jurisdiction over plaintiff's state law claims. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir.2003) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Town of West Hartford v. Operation Rescue*, 915 F.2d 92, 104 (2d Cir.1990) ("it is well settled that 'if the federal claims are dismissed before trial ... the state claims should be dismissed as well.'") (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)); *see also* 28 U.S.C. § 1367(c)(3).

Further, plaintiff did not allege diversity jurisdiction in her complaint pursuant to 28 U.S.C. § 1332. Based on the allegations in her complaint, complete diversity of citizenship between the parties is lacking. Plaintiff, a New York State resident, asserts claims against Texas residents (The Barbosa Group, Inc., Executive Security, George Barbosa, and Jeanie McMichael) and New York residents (Curtis Schreiner, Peter Arena, and Harry Taylor). Therefore, the Court lacks subject matter jurisdiction over plaintiff's state law claims against the Barbosa defendants. *See Valencia*, 316 F.3d at 306–308; *Turturro v. Cont'l Airlines*, 334 F.Supp.2d 383, 398 (S.D.N.Y.2004); *Barriera v. Bankers Trust*, No. 98 Civ. 3641, 2003 WL 22387099, *8–10 (S.D.N.Y. Oct. 20, 2003)(declining to exercise supplemental jurisdiction over state law discrimination, contract, and common law claims after dismissing Title VII claim for failure to exhaust administrative remedies).

### CONCLUSION

The Government's motion for summary judgment (Dkt. # 107) is granted and

plaintiff's Title VII claim is dismissed with prejudice.

Plaintiff's cross-motion for discovery (Dkt. # 110) is denied.

The remainder of plaintiff's complaint against The Barbosa Group, Inc., Executive Security, George Barbosa, Jeanie McMichael, Curtis Schreiner, Peter Arena, and Harry Taylor are dismissed because I decline to exercise supplemental jurisdiction.

The Government's motion to strike plaintiff's sur-reply (Dkt. # 122) is denied as moot.

IT IS SO ORDERED.